**Michael G. CARVER, Plaintiff,**

v.

**H.R. PLUS and U.S. West Dex, Defendants.**

No. 2:97–CV–0498–S.

United States District Court,
D. Utah,
Central Division.

Jan. 23, 1998.

Kent W. Winterholler, Ellen Kitzmiller, Michael A. Zody, Parsons Behle & Latimer, Salt Lake City, UT, for Plaintiff.

Mark O. Morris, Daniel E. Garrison, Snell & Wilmer, Floyd A. Jensen, Ray Quinney &

Nebeker, Salt Lake City, UT, for Defendants.

## RULING

SAM, Chief Judge.

This matter is before the court on defendant H.R. Plus' motion to dismiss or transfer. On January 20, 1998 the court conducted a teleconference with all counsel. During that conference the court ruled on the pending motion, granting H.R. Plus' motion to dismiss for lack of personal jurisdiction and improper venue. This ruling is a follow-up to the court's oral determination.

Both sides cite *Far West Capital, Inc. v. Towne*, 46 F.3d 1071 (10th Cir.1995) for the standards and analysis to be applied to a personal jurisdiction dispute. The case law is clear that plaintiff bears the burden of establishing that this court has personal jurisdiction over H.R.

This circuit has also discussed the process for determining whether there are sufficient contacts to establish personal jurisdiction. " 'The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing.' " [citations omitted]. We resolve all factual disputes in favor of the plaintiff in determining whether plaintiff has made a prima facie showing that establishes jurisdiction. [citation omitted].

*Id.* at 1075. The Tenth Circuit has given us an additional explanation of how plaintiff's burden must be met:

"The allegations in the complaint must be taken as true to the extent that they are uncontroverted by the defendant's affidavits."[citing *Behagen v. Amateur Basketball Ass'n of the United States of America*, 744 F.2d 731, 733 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985)] If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and "the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* However, only the well pled facts of a plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true.

*Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir.1995) (citations omitted).

Plaintiff's complaint merely asserts a conclusory statement: "[a] substantial part of the events or omissions giving rise to this claim occurred in Utah, . . ." Complaint at para. 5. Plaintiff makes other factual statements which are, however, unsupported and unsubstantiated. Plaintiff submitted no affidavits in response to H.R.'s motion and affidavits.

■ Plaintiff simply has not established specific jurisdiction over H .R. under either the laws of Utah and/or the due process clause of the Fourteenth Amendment. "[T]he evaluation of specific jurisdiction in Utah mandates a three-part inquiry." *National Petro. Mktg. v. Phoenix Fuel Co.*, 902 F.Supp. 1459, 1465 (D.Utah 1995).

(1) the defendant's acts or contacts must implicate Utah under the Utah long-arm statute; (2) a 'nexus' must exist between the plaintiff's claims and the defendant's acts or contacts; and (3) application of the Utah long-arm statute must satisfy the requirements of federal due process.

*Id.* (citation omitted). It is well-established that the Utah Legislature has directed that the long-arm statute should be "applied so as to assert jurisdiction over non-resident defendants to the fullest extent permitted by the due process clause." Utah Code Ann. § 78–27–22. Nevertheless, in the instant case the due process clause would seem to prohibit the exercise of jurisdiction over this Colorado defendant, who did work for a Colorado client.

■ Hence, the court finds that H.R., a Colorado company, contracted with U.S. West in Colorado; that H.R. hired other independent companies who were not its "agents" (within the legal definition of that term as urged by plaintiff) and who were not located in Utah; that those independent contractors then conducted a computer search of plaintiff's records; that the information ob-

tained from those independent companies was reported to H.R. who thereafter reported it to U.S. West in Colorado. There is no evidence that H.R. transacted business in Utah in this specific instance nor is there evidence that H.R. has ever transacted business in Utah.

Furthermore, it is difficult to classify the injury at issue as occurring in Utah. Yes, plaintiff is a Utah resident. Nevertheless, he was fired from U.S. West while training in Colorado. His residence and the location of the physical records that were researched are the only ties to Utah. The computer age makes the traditional analysis of contacts with a forum state more difficult than it used to be. If a person is in Florida and pulls up a Utah citizen's records on a computer, has that person "purposefully availed himself of the benefits of conducting activities in Utah?" Such that he would "anticipate being haled into court in Utah?" The law needs to evolve and cover this area but at least in this specific case the answer should be no.

 The touchstone for personal jurisdiction is still "minimum contacts." *See, e.g. World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *See also Far West,* 46 F.3d at 1074. The court finds it offends "traditional notions of fair play and substantial justice" to conclude that computer access, without more, is sufficient to require a defendant to litigate in the forum state.

The venue determination is similar to the personal jurisdiction analysis. Section 1391(b)(2), upon which plaintiff relies to establish this court as the proper venue, provides that where jurisdiction is not founded solely on diversity of citizenship, a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Furthermore, a corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

Both parties agree that the personal jurisdiction analysis applies to the venue determination. Hence, the court's determination

that there is no personal jurisdiction over H.R. is persuasive in the venue analysis. For the foregoing reasons, the court has found that H.R. did not have sufficient minimum contacts with Utah to establish personal jurisdiction over it. Venue is likewise improper in this jurisdiction. There is simply no evidence that a substantial part of the events or omissions giving rise to the claim occurred in Utah.

Accordingly, the court grants defendant H.R.'s motion to dismiss. During the teleconference with counsel and the court, defendant U.S. West Dex stipulated to dismiss its cross-claim against H.R. That claim is therefore dismissed pursuant to the parties' stipulation and this court's order.

So Ordered.